IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN CREAR, SR., § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-565-K-BF |
| § | |
| WASHINGTON MUTUAL BANK; § | |
| JPMORGAN CHASE BANK, N.A.; § | |
| ELECTRONIC DATA SYSTEMS "EDS", § | |
| AKA, HP ENTERPRISE SERVICES, § | |
| "MERS"; AND BRICE, VANDER LINDEN § | |
| AND WERNICK, P.C. LAW FIRM, § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for Pretrial Management (doc. 3). On March 18, 2011, JPMorgan Chase Bank, N.A. ("JPMorgan") filed a notice of removal from 162nd Judicial District Court, Dallas County, Texas (doc. 1). On April 15, 2011, Steven Crear, Sr. ("Plaintiff") filed a Motion to Remand and a brief in support (doc. 8). On May 6, 2011, JPMorgan filed a Response in Opposition to the Motion to Remand (doc. 11). Plaintiff failed to file a Reply. The Court hereby recommends that Plaintiff's Motion to Remand be GRANTED.

**Background**

Defendant JPMorgan removed the case to this Court based on the diversity of citizenship of Plaintiff and Defendants, Washington Mutual Bank ("WaMu"), JPMorgan, Electronic Data Systems ("EDS") and Brice, Vander Linden and Wernick, P.C. Law Firm ("BVLW") (doc. 1, p. 3). However, a defendant may only remove a case based on diversity if none of the defendants properly

joined is a resident of the state in which the suit was brought. 28 U.S.C. § 1441(b). Because Defendant JPMorgan did not demonstrate improper joinder of EDS, and because EDS is an undisputed resident of the state in which the action was brought, Plaintiff's Motion to Remand must be granted.

## Undisputed Facts

The following facts are taken from Plaintiff's Original Complaint (doc. 1, ex. C-1). The Court takes the facts as true because they are unopposed. Plaintiff is a resident of Dallas, Texas. (Pl.'s Compl. at ¶ 5.) Defendants WaMu and JPMorgan are not citizens of the state of Texas. (*Id.* at ¶¶ 6-7.) Defendants EDS and BVLW are both citizens of the state of Texas. (*Id.* at ¶¶ 8-9.)

Plaintiff is suing all four defendants for their participation in unlawfully foreclosing on Plaintiff's property. (*Id.* at ¶ 2.) Defendant WaMu was the mortgage lender on the loan. (*Id.* at ¶6.) WaMu is now closed and JPMorgan has since assumed control over the entity. (*Id.* at ¶7.) Defendant EDS owns and operates the Mortgage Electronic Registration System ("MERS"), which was the system utilized by the original lender to record the mortgage. (*Id.* at ¶2.) Defendant BVLW was retained by JPMorgan to initiate the foreclosure proceedings against plaintiff's property. (*Id.* at ¶9.)

## Analysis

In the Notice of Removal, Defendant JPMorgan claimed that removal was proper under federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Def. Rem. Not. at ¶9.) Diversity jurisdiction requires (1) complete diversity of citizenship; and that (2) the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a). An action that is removed from state court to federal court, pursuant to diversity jurisdiction, can only be removed if none of the parties properly

joined as defendants are citizens of the state in which the action was brought. 28 U.S.C. § 1441(b). In an action for removal, the removing party shoulders the burden of establishing federal subject matter jurisdiction through diversity of citizenship and amount in controversy. *See Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

JPMorgan argues that complete diversity of citizenship exists because Defendants EDS and BVLW were improperly joined and thus their citizenship should be disregarded in determining jurisdiction. (Def. Rem. Not. at ¶¶16-17.) The removing party bears a heavy burden to prove improper joinder of the in-state defendant. *Smallwood v. Illinois Central R.R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004). Improper joinder may be established by showing (1) actual fraud in jurisdictional facts, or (2) plaintiff has no cause of action in state court against the non-diverse defendant. *Id.* at 573. JPMorgan claims that Plaintiff has no cause of action against defendants EDS and BVLW, and thus that issue will be addressed by this Court.

The test for improper joinder is whether the defendant has shown that the plaintiff cannot possibly recover from the non-diverse defendant. *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003). The district court must have no reasonable basis to predict that plaintiff might recover against the in-state defendant. *Id.* The purpose of the inquiry into improper joinder is to determine whether a non-diverse defendant was properly joined. *Smallwood,* 385 F.3d at 573. Thus the focus of the inquiry is not on the merits of the plaintiff's case but instead on the joinder itself. *Id.* The district court may look to the allegations of the plaintiff's complaint to determine if there is a state law claim against the in-state defendant. *Id.* Usually, if the plaintiff's claim can withstand a Rule

3

12(b)(6)-type analysis then there is no improper joinder. *Id.*

JPMorgan claims that Plaintiff did not plead a valid cause of action against EDS or BVLW in its Complaint. (Def. Rem. Not. at ¶18.) JPMorgan argues that Plaintiff failed to establish factual allegations in the complaint which would lead to valid state law claims against either EDS or BVLW. (*Id*. at ¶19.) The Court finds this argument unavailing as to EDS.

In his Complaint, Plaintiff stated that EDS transferred its mortgage without authority and directly caused the foreclosure against his property to be commenced under false pretenses. (Pl.'s Compl. at ¶8.) Plaintiff said that WaMu, its original lender, elected to use MERS through EDS to secure its debt and record the mortgage. (*Id*. at ¶2.) Plaintiff explained that EDS transferred his mortgage from WaMu to JPMorgan without his authority and consent, and foreclosed on his property without giving him notice. (*Id*. at ¶2.) Plaintiff alleged that EDS misrepresented the loan modification services of WaMu and JPMorgan, and in so doing, EDS breached the Deceptive Trade Practices Act. (*Id.* at ¶13.)

When performing a Rule 12(b)(6)-type analysis, the factual allegations of the Plaintiff's complaint should be assessed utilizing Texas' notice pleading standard. *See Aucoin v. Comerica Securities, Inc.,* 2008 WL 4601129, at *3 (N.D. Tex. Oct. 15, 2008). The Texas Rules of Civil Procedure state that a petition shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a). The Rule further explains "[t]hat an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." TEX. R. CIV. P. 45(b).

The Deceptive Trade Practices Act states that "[f]alse, misleading, or deceptive acts or

practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division . . ." TEX. BUS. & COM. § 17.46(a) (2007).  The Act further defines those acts or practices to include "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not[.]" TEX. BUS. & COM. § 17.46(b)(5) (2007).  The Act defines "trade" or "commerce" as:

> "Trade" and "commerce" mean the advertising, offering for sale, sale, lease or distribution of any good or service, of any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value, wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this state.

TEX. BUS. & COM. § 17.45(6) (2007).

In his complaint, Plaintiff alleged that EDS misrepresented the loan modification services of WaMu and JPMorgan.  (Pl.'s Compl. at ¶ 13.)  Plaintiff further stated that EDS imposed additional requirements not allowed under the loan modification program.  (*Id.* at ¶ 13.)  This satisfies the first element of the Deceptive Trade Practices Act, as misrepresenting the services of the lender would qualify as a "false, misleading, or deceptive act or practice" under the Act.  *See* TEX. BUS. & COM. § 17.46(b)(5).  The second element has also been met by Plaintiff because the misrepresentation was concerning the lease of tangible property which would constitute "trade" or "commerce".  *See* TEX. BUS. & COM. § 17.45(6).  Although Plaintiff did not provide specific factual details, the court takes the allegations as a whole, and concludes that those facts alleged were sufficient to give fair notice of the nature of Plaintiff's claim under Texas' liberal notice pleading standard.  Thus, Plaintiff has stated a cause of action against EDS for unlawful deceptive trade practices under Texas law.

Because the court deems there is a reasonable basis to predict that Plaintiff may recover against EDS, it need not address Plaintiff's claim against BVLW. Since EDS was properly joined in this action and it is an undisputed resident of the state of Texas, the state in which this action was originally brought, this case should be remanded back to state court. *See* 28 U.S.C. § 1441(b).

### **Recommendation**

The Court finds removal was improper under 28 U.S.C. § 1441(b). Therefore, the Court hereby recommends that Plaintiff's Motion to Remand be GRANTED.

SO RECOMMENDED, September 7, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).